UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL L. WULF,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of the<br>Social Security Administration,<br><br>    Defendant. | Case No. ED CV 10-299 PJW<br><br>MEMORANDUM OPINION AND ORDER |

## I. INTRODUCTION

Before the Court is Plaintiff's appeal of a decision by Defendant Social Security Administration ("the Agency"), denying his application for Supplemental Security Income ("SSI"), following remand from this Court. Plaintiff complains that the ALJ erred when he failed to: (1) comply with the remand order and reconsider the opinion of treating psychiatrist Andrew Janik; (2) pose a complete hypothetical to the vocational expert; and (3) develop the record. Because the Agency's decision that Plaintiff was not disabled is supported by substantial evidence and is not based on legal error, it is affirmed.

## II. SUMMARY OF FACTS AND PROCEEDINGS

Plaintiff filed an application for SSI in January 2005. (Administrative Record ("AR") 49-52.) The Agency denied the application initially and on reconsideration. (AR 38-48.) Plaintiff then requested and was granted a hearing before an Administrative Law Judge ("ALJ"). In October 2006, Plaintiff appeared with counsel at the hearing and testified. (AR 528-51.) In January 2007, the ALJ issued a decision denying the application. (AR 12-22.) After the Appeals Council denied Plaintiff's request for review, Plaintiff commenced an action in this court.

In March 2009, the Court reversed the Agency's decision and remanded the case for further consideration of treating psychiatrist Andrew Janik's opinion. (AR 574-81.) On remand, the ALJ held a new hearing, at which Plaintiff, a medical expert, and a vocational expert testified. (AR 794-818.) On December 17, 2009, the ALJ issued a new decision, again denying Plaintiff's claim for SSI. (AR 555-64.) Plaintiff appealed to the Appeals Council, which denied review. He then filed the instant action.

## III. ANALYSIS

Plaintiff ostensibly raises three issues, all of which turn on the ALJ's rejection of treating psychiatrist Andrew Janik's opinion. The ALJ rejected it because:

> Dr. Janik provides little in the way of objective evidence in support of his checklist opinions. Available records are sporadic, minimal, and without clearly delineated clinical manifestations by way of medically acceptable diagnostic techniques (Exhibit 16). Considered as a whole, the record does not reflect ongoing signs or symptoms consistent with

the opinion of Dr. Janik and terms of workplace function
without alcohol use. Indeed, the claimant has worked at
landscaping, has been without psychosis, has not reported
non-alcohol impairment-related signs or symptoms
incompatible with competitive work, and has generally
presented as cognitively, behaviorally, and emotionally
intact in terms of the capacity for unskilled work
activities. Dr. Janik did not assess responsiveness to
internal stimuli and did not report any sustained signs or
symptoms that would interfere with successful work
activities. Rather, mood, variability and occasional
hallucinations were vaguely reported and there is
insufficient documentation of an underlying impairment that
could reasonably be considered independently disabling. Nor
are there reports of treatment after November 2006.

(AR 560.)

As the Court interprets this language, the essence of the ALJ's justification for rejecting Dr. Janik's opinion is that it is contained in a check-the-box form and is not supported by the objective medical evidence, including Dr. Janik's own chart notes. These are specific and legitimate reasons for discounting a treating doctor's opinion. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (rejecting treating physician's opinion because it was "conclusory and brief and unsupported by clinical findings"); *Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996) (holding ALJ may reject "check-off reports that [do] not contain any explanation of the bases of their conclusions."). Further, they are supported by substantial evidence in the record. Dr. Janik's medical records are 24 pages

long. (AR 505-27.) They include the two-page, check-the-box form containing his opinion, eight pages of copies of prescriptions, and 13 pages of chart notes. The chart notes are cryptic and contain very little objective information. (AR 507-19.) Rather, they record what Plaintiff told the doctor that day, for example, "feeling 'angry,'" denies suicide ideation, "says 'everyone' giving him hard time." (AR 507.) They also contain the doctor's observations of Plaintiff that day, such as, "Not abstinent but seems to be drinking less." (AR 507.) Finally, the notes set forth Plaintiff's medication regimen for the future. (AR 507.) There are no objective tests at all reported in the notes. Dr. Janik saw Plaintiff only three or four times in 2006, including the day he filled out the form for Plaintiff (November 1, 2006). Nothing in the notes suggests that Plaintiff would be disabled at all if he was not drinking daily. Nor is there any suggestion that Plaintiff had any impairment apart from that brought on by his constant alcohol abuse.

Thus, the Court concludes that the ALJ's reasons for rejecting Dr. Janik's opinion are specific and legitimate and are supported by substantial evidence in the record. That being the case, the ALJ's decision to discount Dr. Janik's opinion will be upheld.

Having reached this conclusion, the remaining issues are readily resolvable. Because the ALJ did not accept Dr. Janik's opinion, he did not have to include in the hypothetical question to the vocational expert the limitations urged by Dr. Janik in his check-the-box form-- e.g., that Plaintiff would miss more than three days of work each month. *See, e.g., Bayliss v. Barnhart*, 427 F.3d 1211, 1217-18 (9th Cir. 2005); *Osenbrock v. Apfel*, 240 F.3d 1157, 1164-65 (9th Cir. 2001). Nor, in these circumstances, was the ALJ required to re-

contact Dr. Janik to find out whether Dr. Janik had assumed that Plaintiff was not drinking when he filled out the form containing his opinion. Though the ALJ did discuss the possibility that Dr. Janik did not understand that he was supposed to formulate his opinion without considering any limitations caused by Plaintiff's alcohol abuse, the ALJ also analyzed Dr. Janik's opinion assuming that he did. (AR 560).

## IV. CONCLUSION

For the foregoing reasons, the Agency's decision is affirmed and the case is dismissed with prejudice.

IT IS SO ORDERED.

DATED: July 12, 2011.

PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Soc Sec\WULF, R 299\memorandum opinion.wpd

5